FILED - GR
December 12, 2007 4:05 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____mla_____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HARRIET DAWN SCHOONMAKER,**

    **Plaintiff,**

v

**SPARTAN GRAPHICS LEASING, LLC,**

    **Defendants.**

Case No.  **1:07-cv-1245**

Hon.  **Paul L Maloney
US District Judge**

## COMPLAINT AND JURY DEMAND

Plaintiff Harriet Dawn Schoonmaker, by her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represents:

### COUNT I.
#### A. Nature of Proceedings

1. Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by the Age Discrimination in Employment Act of 1967, as amended, the same being 29 U.S.C. §621-634. Such relief is authorized under 29 §626(b)(c).

#### B. Jurisdiction

2. This Court has jurisdiction herein pursuant to 29 USC §626(c)(d).

#### C. Parties

3. Plaintiff is a resident of Newaygo County, Michigan, and the Western District of Michigan, Southern Division. At the time the claim set forth herein arose Plaintiff was within the age limits established by 29 USC §631, her date of birth being January 18, 1948.

4. Defendant is a Michigan Limited Liability Company, duly organized under the laws of the State of Michigan, and doing business in the Western District of Michigan.

### D. Statement of Facts

5. Plaintiff was employed by Defendant on October 15, 1995, as a bindery worker, a position she held throughout her employment with Defendant. Plaintiff performed her job satisfactorily throughout her employment.

6. On October 2006, even though Plaintiff was performing her job in an entirely satisfactorily manner, Plaintiff was discharged in a reduction in force.

7. Other employees substantially younger than Plaintiff and with less seniority than she had whose performance was either no better than that of Plaintiff or not as good were retained as bindery workers. In addition, other positions were available for which Plaintiff was qualified, but Plaintiff was not offered any such positions at the time of her discharge or thereafter. Plaintiff was 58 years old at the time of her discharge.

8. Plaintiff represents that her age was a determining factor with respect to her discharge by Defendant and that Defendant's employment decisions were willful.

9. As a result of Defendant's employment decisions, Plaintiff lost earnings and benefits.

### E. Cause of Action

10. Defendant, by said employment decisions, has violated 28 USC §623(a) in that it has discriminated against Plaintiff because of her age and such discrimination was willful.

## F. Statutory Prerequisite

11.     Plaintiff has complied with 29 USC §626(d)2 in that the required charge alleging unlawful discrimination was filed within 300 days after Plaintiff's discharge by Plaintiff with the Equal Employment Opportunity Commission; to wit, on or about January 23, 2007. In addition, a civil action has been commenced within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue which was on or about September 28, 2007.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

(a)     an amount equal to lost earnings and benefits;

(b)     liquidated damages;

(c)     Plaintiff's costs and interest herein and reasonable attorney's fees;

(d)     an order requiring Defendant to reinstate Plaintiff in her former position;

(e)     such other legal and equitable relief as may be appropriate to effectuate the purpose of said Act.

## COUNT II.
## A. Nature of Proceedings

12.     Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by the Elliott-Larsen Civil Rights Act, as amended.

## B. Jurisdiction

13.     Jurisdiction of this Count II is founded upon pendent jurisdiction since this Court as set forth in County I of this Complaint has jurisdiction.

14.     This Count II is separate and independent of the claim set forth in Count I but is between the same parties and is based upon the same operative facts as set in Count I.

15. Judicial economy, convenience, and fairness to the parties herein will be furthered if the whole case is tried at one time.

### C. Parties

16-17. Plaintiff incorporates by reference paragraphs 3-4 of Count I as paragraphs 16-17 of this Count II.

### D. Statement of Facts

18-22. Plaintiff incorporates by reference paragraphs 5-9 of Count I and paragraphs 18-22 of Count II.

23. As a result of said employment decisions, Plaintiff has lost earnings and benefits and has suffered mental anguish, emotional distress, embarrassment and humiliation.

### E. Course of Action

24. Defendant by said employment decisions has violated the Elliott-Larsen Civil Rights Act, as amended, in that it has discriminated against Plaintiff because of her age.

### RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

(a) compensatory damages in an amount of Seventy-Five Thousand ($75,000.00) Dollars;

(b) exemplary damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars;

(c) an award to Plaintiff for back pay and lost benefits;

(d) Plaintiff's costs and interest herein and reasonable attorney's fees;

(e) an order requiring Defendant to reinstate Plaintiff in her former position;

(f) such other legal and equitable relief as may be appropriate.

Dated: December 11, 2007

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

By: _____
H. Rhett Pinsky (P18920)
146 Monroe Center, NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496

## JURY DEMAND

Plaintiff Harriet Dawn Schoonmaker, by her attorneys Pinsky, Smith, Fayette & Kennedy, LLP, hereby demands a trial by jury for all issues so triable.

Dated: December 11, 2007

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

By: _____
H. Rhett Pinsky (P18920)
146 Monroe Center, NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496