UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRIET DAWN SCHOONMAKER,
        Plaintiff,

                              No. 1:07-cv-1245

-v-

                              HONORABLE PAUL L. MALONEY

SPARTAN GRAPHICS LEASING, LLC,
        Defendant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Spartan Graphics' motion (Dkt. No. 35) to dismiss, or in the alternative, motion for summary judgment. Plaintiff Schoonmaker filed a response. (Dkt. No. 40.) Defendant filed a reply. (Dkt. No. 42.) Having read the motion, briefs, attached documents, and relevant authority, oral argument is not necessary to resolve the contested issues. W.D. MICH. L.CIV.R. 7.2(d).

I. BACKGROUND

Plaintiff Schoonmaker began working for Defendant Spartan Graphics in October 1995 as a bindery worker. (Compl. ¶ 5.) Plaintiff initially worked the second shift (Plaintiff's Exhibit 1 and Defendant's Exhibit A - Schoonmaker Dep. at 8) and in July 1996, when an opening occurred, she moved to the first shift (*Id.* at 14). In April, 2001, Plaintiff moved to the third shift because her husband was working third shift and the move coordinated their schedules. (*Id.* at 20-21; Plaintiff's Exhibit 6 and Defendant's Exhibit B - Carl Pease Dep. at 74.) Five individuals worked the third shift: Plaintiff, Harry Speek, Andrea Coronado, Melanie Taylor, and Bonnie Evert. (Pease Dep. at 32.) Mr. Speek was the lead person on the third shift. (Plaintiff's Dep. at 23; Plaintiff's Exhibit 11 and Defendant's Exhibit C - Harry Speek Dep. at 15-16.) Mr. Speek worked as a cutter. (Speek

Dep. at 16.) Ms. Coronado was also a cutter. (Pease Dep. at 32; Speek Dep. at 25.) Both Ms. Taylor and Ms. Evert, like Plaintiff, were bindery workers. (Speek Dep. at 25.)

During the summer and fall of 2006, the amount of work decreased and production slowed down. (Plaintiff's Dep. at 33; Pease Dep. at 21-22; Plaintiff's Exhibit 7 - Kevin Tobias Dep. at 43.) Mr. Carl Pease, the finishing manager who ran the bindery department (Pease Dep. at 11), testified that in September 2006, during the weekly production meeting, a general consensus among management emerged that each department would see what they could do to save money. (Pease Dep. at 22-25.) Mr. Pease decided he would lay off individuals from the bindery department. (*Id.* at 27.) Defendant's employee handbook contains a policy on staff reductions. (Plaintiff's Exhibit 5 and Defendant's Exhibit A-7 - Employee Handbook.) The relevant paragraph states

STAFF REDUCTION
>Business circumstances may result in a temporary or permanent reduction in the size of the work force. Making such decisions is not easy. However, the Company will attempt to identify employees who are the most qualified to perform the work available based on qualifications, productivity, attendance, general performance record and other factors the Company considers relevant in each case. When the Company considers these factors to be relatively equal, decision will be guided by relative length of service.

(*Id.* at 15.) Mr. Pease admits he was unaware the employee handbook contained a section outlining the criteria for workforce reductions. (Pease Dep. at 66.) Mr. Pease further admits he did not review the personnel files of the three third shift bindery workers when deciding which of the three to let go. (*Id*. at 34, 48 and 72.)

Mr. Pease decided to lay off two individuals from the bindery department who worked the third shift. (Pease Dep. at 32-33.) Mr. Pease reviewed all three shifts and concluded the first and second shifts were more productive. (*Id.* at 27-28, 31.) Mr. Pease first selected Ms. Evert. Mr. Pease explained he brought Ms. Evert to the bindery department as a favor when she was let go by

another department and felt that she should be the first person let go.  (*Id.* at 33.)  In addition, Ms. Evert was planning on retiring at the end of the year.  (Speek Dep. at 43, Defendant's Exhibit G - Evert Aff. ¶ 7.)  In deciding between Ms. Taylor and Plaintiff, Mr. Pease wanted to keep the employee who would work best with others, would be the most productive, and who would do the best job for the company.  (Pease Dep. at 34.)  Mr. Pease opted to keep Ms. Taylor and let Plaintiff go.  (*Id.*)  Mr. Pease thought Ms. Taylor would get along better with Ms. Coronado and Mr. Speek.  (*Id.*)  Before finalizing his decision, Mr. Pease consulted both Mr. Speek and Mr. Kevin Tobias (*Id.* at 47), who worked the first shift and acted as Mr. Pease's assistant (Tobias Dep. at 43).  According to Mr. Pease, both men agreed Ms. Taylor would be the better team player.  (Pease Dep. at 35 and 40.)  Mr. Pease also thought Ms. Taylor was more productive than Plaintiff (*Id.* at 40 and 82), but concedes no records were kept to establish productivity (*Id.* at 42).

Plaintiff was laid off effective October 20, 2006.  (Plaintiff's Exhibit 3.)  Mr. Pease broke the news to Plaintiff and explained the reason she was being let go was because work was slow.  (Plaintiff Dep. at 33.)  Plaintiff believes she was let go because she was older than Ms. Taylor.  (*Id.* at 34.)  Plaintiff filed suit alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and under Michigan's Elliot-Larsen Civil Rights Act.

II.  MOTION TO DISMISS - FED. R. CIV. P. 12(b)(6)

    A.  LEGAL FRAMEWORK

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd.of Educ. of Tripp*

*City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc*, 487 F.3d at 476. A claim lacking factual merit is more properly addressed under the summary judgment rule. *Evans-Marshall*, 428 F.3d at 228. The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at 476. When considering whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, but may also take into account items appearing in the record of the case and attached exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### B. ANALYSIS

Defendant argues Plaintiff's federal and state claims are barred by a contractually shortened limitations period which requires employees to file civil rights claims against the company within one year of the incident giving rise to the suit. Plaintiff admits, for the purpose of the motion, she received the employee handbook and the employee handbook contains a provision shortening the time to file a civil rights claim under both federal and state laws. (Response at 12.) The employee handbook states

> B. Limitation on Claims
> By accepting or continuing employment at the Company you agree that any action or suit against the Company arising out of your employment or termination of employment, including, but not limited to, claims arising under State or Federal civil rights statutes, must be brought within the statutorily specified time limit or one (1) year of the event giving rise to the claim whichever is less or be forever barred. You waive any statute of limitations which exceeds one (1) year.

(Employee Handbook at 2.) Plaintiff further admits she was terminated in October 2006 and did not file her complaint until December 2007. (*Id.*) As a result, Plaintiff abandons her claims under Michigan law. (*Id.*) Plaintiff disputes whether the contractual provision defeats her claims under

federal law.

The ADEA allows for an individual to waive a claim only when the waiver is knowing and voluntary. 29 U.S.C. § 626(f)(1). The ADEA further outlines minimal requirements for a waiver to be knowing and voluntary. The waiver must, among other things, (1) be part of a written agreement between the employer and the employee and must be written in a manner that is understandable to the average individual eligible to participate, (2) specifically refer to rights or claims under the ADEA, (3) give consideration beyond that to which the individual is already entitled, and (4) advise the individual in writing to consult with an attorney prior to executing the agreement. *Id. See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-427 (1998) (discussing the 1990 amendment to the ADEA which created a series of statutory prerequisites for knowing and voluntary waivers and releases and holding when a release does not comply with the statute, the release cannot bar the ADEA claim). Several courts of appeals have required strict compliance with these disclosure requirements. *See Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007) (citing *Kruchowski v. Weyerhaeuser Co.*, 446 F.3d 1090, 1095 (10th Cir. 2006), *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 431 (7th Cir. 2000), and *Tung v. Texaco, Inc.*, 150 F.3d 206, 209 (2d Cir. 1998)).

The provision in Defendant's employee handbook limiting claim periods does not meet the statutory requirements contained in the ADEA. Nowhere in the provision is the ADEA mentioned. To be effective, "at a minimum" the waiver must "refer[] to rights or claims arising under this chapter." 29 U.S.C. § 626(f)(1)(B). Neither party has provided the Court with a complete copy of the employee handbook. The record, therefore, does not establish whether the handbook contains the other statutory requirements. Accordingly, with regard to Plaintiff's claims under the ADEA, Defendant's motion is DENIED.

III.  MOTION FOR SUMMARY JUDGMENT - FED. R. CIV. P. 56(c)

    A.  LEGAL FRAMEWORK.  Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008).  The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case.  *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial.  FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574.  The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-252.

    B.  ANALYSIS

    Defendant argues Plaintiff cannot establish that age was a factor in her selection for lay-off.  Plaintiff counters she has sufficient evidence to create a genuine issue of material fact to get the matter to a jury.

    The ADEA, 29 U.S.C. § 623, prohibits employers from terminating or otherwise discriminating against an employee because of that employee's age.  *Allen v. Highland Hosp. Corp.*,

545 F.3d 387, 393 (6th Cir. 2008). A plaintiff bringing a claim for age discrimination based on a disparate treatment theory must prove age was a determining factor in the adverse employment action the employer took against her. *Id.* at 394 (quoting *Phelps v. Yale Sec., Inc.*, 986 F2d 1020, 1023 (6th Cir. 1993) and citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)). A plaintiff may establish her claim with either direct or circumstantial evidence. *Id.* If the claim is based on circumstantial evidence, it is analyzed under the familiar *McDonnell Douglas*[1] framework. *Id.* (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998)). The *McDonnell Douglas* framework consists of three stages. The plaintiff always carries the burden of persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). A plaintiff must establish a *prima facie* case as the first stage. In the second stage, an employer may put forth evidence of a legitimate, nondiscriminatory reason for the adverse employment action. *Allen*, 545 F.3d at 394 (citing *Ercegovich*, 154 F.3d at 350.) In the third stage, the plaintiff must show how the employer's nondiscriminatory explanation is a mere pretext for intentional discrimination. *Id.*

A *prima facie* case of age discrimination under the *McDonnell Douglas* framework requires the plaintiff to establish (1) she was 40 years or older, (2) she suffered an adverse employment action, (3) she was qualified for the position held, and (4) she was replaced by someone outside the protected class. *Allen*, 545 F.3d at 394 (citing *Minadeo v. ICI Paints*, 398 F.3d 751, 760 (6th Cir. 2005)). When a plaintiff is let go in a work force reduction, the fourth element of a *prima facie* case will not exist. In a work force reduction scenario, an employer eliminates positions due to business considerations and does not replace those eliminated positions. *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1464 (6th Cir. 1990). When the plaintiff's job is eliminated due to a work force reduction,

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

a plaintiff establishes her *prima facie* case through the first three elements plus "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id.  See also LaGrant v. Gulf & Western Mfg. Co., Inc.*, 748 F.2d 1087, 1091 (6th Cir. 1984). "[A] plaintiff whose employment position is eliminated in a corporate reorganization or work for reduction carries a heavier burden in supporting charges of discrimination than does an employee discharged for other reasons." *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 517 (6th Cir. 1991) (citing *Ridenour v. Lawson Co.*, 791 F.2d 52, 57 (6th Cir. 1986)).

The Sixth Circuit Court of Appeals has offered how a plaintiff might establish the fourth element in a work force reduction situation.

> If the plaintiff was truly singled out for discharge because of age he or she should be able to develop enough evidence in the discovery process or otherwise to establish a prima facie case.  For example, a plaintiff could establish a prima facie case by showing he or she possessed qualifications superior to those of a younger co-worker working in the same position as the plaintiff.  Alternatively, a plaintiff could show that the employer made statements indicative of a discriminatory motive [. . .].  The guiding principle is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age.

*Id.* at 1465-1466.  In *Barnes*, the plaintiff presented two reports prepared by expert statisticians.  *Id.* at 1462.  The court concluded the reports, which analyzed termination patterns of the employees discharged during a work force reduction, were sufficient evidence to establish a *prima facie* case. *Id.* at 1468.

The Sixth Circuit has also explained what evidence will <u>not</u> satisfy a plaintiff's initial burden.  A plaintiff has not presented a *prima facie* case merely by demonstrating that younger persons kept jobs that the plaintiff was qualified to perform.  *Barnes*, 896 F.2d at 1465.  Evidence

that younger employees were retained in other jobs for which a plaintiff was qualified is not sufficient to establish a *prima facie* case for age discrimination in a work force reduction situation. *Id.; Wilson* 932 F.2d at 517. *See Reminder v. Roadway Express, Inc.*, 215 F.App'x 481, 484 (6th Cir. 2007) (per curiam); *Adams v. Proto Plastics, Inc.*, 151 F.App'x 468, 469-470 (6th Cir. 2005); *Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1118 (6th Cir. 1980) (per curiam). The ADEA does not require an employer to transfer an older employee to another position or to displace workers with less seniority when the employee's position is eliminated as part of a work force reduction. *Barnes*, 869 F.2d at 1469 (citing *Ridenour*, 791 F.2d at 57).

       1. First Stage - Plaintiff's *Prima Facie* Case

The parties agree this action should be analyzed under the standards for a reduction in force situation. (Defendant's Brief at 13-15; Plaintiff's Response at 16.) Defendant has not challenged Plaintiff's ability to show the first three elements of a *prima facie* case. Defendant's motion challenges Plaintiff's ability to establish the fourth element in a reduction in force action. Defendant asserts Plaintiff has no evidence that her age was a consideration in the decision to let her go.

Plaintiff's response conflates the three stages of the *McDonnell Douglas* framework.[2] Plaintiff asserts the additional evidence required as the fourth element of a reduction in force case is essentially the same evidence a plaintiff would present to rebut a defendant's nondiscriminatory explanation for its conduct, citing *Williams v. Gen. Elec. Co.*, 269 F.Supp.2d 958 (S.D. Ohio 2003).

---

[2]Plaintiff, in her brief in response, offers six arguments through which she claims to have "has established a prima facia case of age discrimination as well as shown Defendant's offered reasons are pretextual." (Brief in Response at 16.) Plaintiff first argues Defendant selected the two oldest employees for the reduction in force. (*Id.* at 16-17.) Plaintiff's third argument alleges Defendant ignored its own layoff criteria. (*Id.* at 18-19.) The other four arguments are all explanations of why Defendant's justification for her lay off are pretextual.

9

The Sixth Circuit Court of Appeals has stated the *McDonnell Douglas* framework should not be applied "mechanistically" in age discrimination cases and should focus on whether "age was in fact a determining factor in the employment decision." *Barnes*, 896 F2d at 1465 n. 9 (collecting cases). *But see Skelton v. Sara Lee Corp.*, 249 F.App'x 450, 458 (6th Cir. 2007) (explaining, in an age discrimination case, "a court must sustain clear boundaries when assessing the three stages of the *McDonnell Douglas* burden-shifting analysis" citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 473 (6th Cir. 2002)) and *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660-664 (6th Cir. 2000)). The majority of Plaintiff's arguments address whether Defendant's nondiscriminatory justification has merit. That issue only becomes relevant if Plaintiff can establish a *prima facie* case and force Defendant to justify its decision. In this first stage, courts do not consider either Defendant's nondiscriminatory explanation for Plaintiff's termination or Plaintiff's attempts to show those justifications are merely pretext. *See Skelton*, 249 F.App'x at 459.

Plaintiff argues the two oldest employees on the third shift were selected for the workforce reduction. One Court (in another circuit) has found similar situations sufficient for a plaintiff to establish a *prima facie* case of age discrimination in a work force reduction scenario. *See Fasano v. Flour City Architectural Metals, Inc.*, 945 F.Supp. 512, 517 (E.D.N.Y. 1996). Defendant counters it had to choose between three employees and a sample size of three is too small to have any probative value, citing *Simpson v. Midland-Ross Co.*, 823 F.2d 937, 943 (6th Cir. 1987) and *Williams v. Tyco Elec. Corp.*, 161 F.App'x 526, 535 (6th Cir. 2006).

Plaintiff has failed to put forth sufficient evidence to establish a *prima facie* case. The Sixth Circuit Court of Appeals has consistently found plaintiffs have not established a *prima facie* case in work force reductions scenarios where the only evidence of age discrimination is the fact that

younger workers were retained and older workers were let go. In a case with a similar factual situation, the plaintiff, a mold maker, was let go during a business slow down, while two "substantially younger" individuals with comparable jobs were retained. *Adams*, 151 F.App'x at 469-470. The plaintiff appealed the district court's decision to grant the defendant summary judgment on the basis that the plaintiff could not establish a *prima facie* case of age discrimination. *Id.* at 469. The Sixth Circuit affirmed the lower court decision and rejected the plaintiff-appellant's assertion that "the fourth element [is] satisfied whenever substantially younger employees in positions comparable to the plaintiff's are not terminated." *Id.* at 470. The court distinguished its holding in *Ercegovich*, where it held that the fourth element could be established by showing "a comparable non-protected person was treated better." *Id.* at 470 (quoting *Ercegovich*, 154 F.3d at 350).

The *Adams* court explained, in *Ercegovich*, the positions of all three individuals were terminated, but only the two younger individuals were given the opportunity to transfer to different positions. *Id.* The court held Mr. Adams' situation was not analogous to the one in *Ercegovich* because he was terminated while the younger individuals were not.

The Sixth Circuit's reasoning in *Adams* is persuasive. Like the situation in *Adams*, the plaintiff's situation here is easily distinguished from the situation in *Ercegovich*. Plaintiff was one of two individuals let go as part of a work force reduction. Neither individual let go was offered a transfer position. The younger bindery worker retained, Ms. Taylor, is not "comparable" as that word is used in *Ercegovich* because she was not let go as part of the reduction in force. Although the Sixth Circuit assumed, for the purpose of the appeal, the plaintiff in *Ercegovich* has established a *prima facie* case (154F.3d at 350), the court discussed how a plaintiff established the fourth prong

11

in situations where positions are eliminated and affected employees are offered transfers. The court held, in such situations, the fourth prong of a *prima facie* case is established by showing "a similarly-situated employee who is not a member of the protected class was offered the opportunity to transfer to an available position, or other direct, indirect or circumstantial evidence supporting an inference of discrimination." *Id*. At 351.

Similarly, in *Reminder*, the plaintiff was one of four individuals working in the sales department who were let go during a work force reduction. 215 F.App'x at 483 n. 2. The sales department consisted of 52 individuals, five of whom were under the age of forty. *Id.* The four individuals let go were all over the age of forty. *Id.* After the district court granted the defendant company's motion for summary judgment, the plaintiff appealed. *Id.* at 482. The court affirmed the district court's decision, holding the plaintiff failed to establish a *prima facie* case. *Id.* at 484. The court concluded the plaintiff did not present any direct, circumstantial or statistical evidence he was discharged for impermissible reasons. *Id.* The circumstantial evidence the plaintiff did present pertained only to the marketing department and not to the sales department. *Id.* Although not explicitly discussed, by implication, the court found the fact that younger workers were retained was insufficient to support a *prima facie* case.

Both *Adams* and *Reminder* are, of course, unpublished and therefore persuasive only. The Sixth Circuit has published two opinions that support the same outcome. In *Sahadi*, a 51 year old plaintiff appealed a directed verdict against him and the Sixth Circuit affirmed the trial court's decision. 636 F.2d at 1116. The plaintiff argued the court should find a *prima facie* case of age discrimination "where it is shown that an employee terminated during an economic cutback can establish that a younger person was retained in a position which plaintiff is capable of performing,

and would have been willing to relocate to perform that job." *Id.* at 1118. The two workers at issue were 50 and 45 years old. *Id.* at 1117. The court rejected the argument holding if the plaintiff's case satisfied "the requirements for a case of age discrimination, then every employer who terminates an employee between 40 and 70 years of age under any circumstances, will carry an automatic burden to justify the termination." *Id.* In *LaGrant*, the plaintiff appealed a decision granting the defendant summary judgment. 748 F.2d at 1088. Mr. LaGrant lost his job when the company, experiencing a "serious downturn in its business," combined two departments and eliminated one of the two department heads. *Id.* at 1089. Mr. LaGrant was the manager of administrative services when he was let go and his duties were reassigned to the manager of office services, who was a younger person. *Id.* The court held the plaintiff failed to establish a *prima facie* case of age discrimination. *Id.* at 1091. "[The plaintiff] has come forward with nothing, other than his subjective determination that he was better qualified than [the other department head], to indicate that age played a role in [the defendant's] decision to terminate him. This is not a case where the plaintiff presented evidence that management favored younger workers, tended to fire older workers, or indicated in some manner that older workers here held in disfavor." *Id.*

Plaintiff's authority is distinguishable on this point. The different outcome in *Fasano* likely results from how the fourth element of an age discrimination case is established in the Second Circuit as opposed to the Sixth Circuit. In the Second Circuit, the fourth element is established when "the discharge occurs under circumstances giving rise to an inference of discrimination." *Fasano*, 945 F.Supp. at 517 (citing *Burger v. New York Inst. of Tech.*, 94 F.3d 830, 833 (2d Cir. 1996)). *See also Maresco v. Evans Chemestics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 111 (2d Cir. 1992) (same). In *Burger* and *Maresco*, the Second Circuit discussed how a plaintiff might

13

establish a *prima facie* case of age discrimination in a reduction in force situation. In *Burger*, the court explained that a comparison of how nonprotected employees in similar jobs were treated was relevant. 94 F.3d at 833-834. In *Maresco*, the Second circuit held, in the context of a reduction in force situation, the employee "must establish not that he was qualified for his previous position that has been eliminated, but rather that 'he was qualified to assume another [available] position at the time of discharge.'" 964 F.2d at 111 (alteration in original) (quoting *Williams v. Gen. Motors Corp.*, 656 F.2d 120, 129 (5th Cir. Unit B 1981)). Although Plaintiff's evidence may be sufficient to establish a *prima facie* case under the standard in the Second Circuit, this Court is bound to apply the heightened standard outlined by the Sixth Circuit. This Court applies the standard for evaluating Plaintiff's allegation as set forth in *Barnes* and holds that Plaintiff has not met the heightened standard for establishing a *prima facie* case in a work force reduction scenario.

To the extent Plaintiff's argument that, out of a group of three, the two oldest were terminated, can be considered "statistical" evidence, Plaintiff has still not offered sufficient evidence to establish a *prima facie* case. In discrimination cases, plaintiffs typically use statistical data to show an employer's pattern of conduct toward a protected group. *See Barnes*, 896 F.2d at 1466. Courts have recognized that small statistical samples, however, "provide little or no probative force to show discrimination." *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 943 n. 7 (6th Cir. 1987). *See also Conley v. U.S. Bank Nat'l Asso.*, 211 F.App'x 402, 407 (6th Cir. 2006) (finding a sample size of ten too small to have probative value); *Williams v. Tyco Elec. Corp.*, 161 F.App'x 526, 532 (6th Cir. 2006) (finding little weight a sample size of twenty of which five left the company, voluntarily or otherwise, as part of a reduction in force). *But see Schuch v. Savair, Inc.*, 118 F.App'x 16, 21-23 (6th Cir. 2004) (finding sample sizes of thirteen, eleven, and seven large enough for a

plaintiff to make a *prima facie* case).  Plaintiff's "statistical" evidence, is not indicative of any pattern of discrimination.

Plaintiff argues Defendant ignored the criteria for lay offs outlined in the employee handbook.  Plaintiff's description of the evidence notwithstanding, the evidence is insufficient to support a *prima facie* case of age discrimination in a work force reduction situation.  Mr. Pease admitted he did not know the employee handbook established criteria for work force reductions.  Mr. Pease concession may be evidence of an irregularity in an employment decision.  However, the evidence does not give rise to an inference that Defendant's decision was based on an impermissible motive.  Mr. Pease's ignorance of the handbook provision, as opposed to a decision to ignore the handbook provision, does not give rise to an inference that his decision had anything to do with Plaintiff's age.  Plaintiff suggests, had Defendant used the criteria outlined in the handbook, Ms. Taylor would have been terminated rather than Plaintiff because Ms. Taylor had absentee discipline letters in her personnel file.  However, Plaintiff's argument overlooks the other factors in the handbook that are supposed to be considered in any lay off.  The criteria outlined in the employee handbook includes attendance, as well as qualifications, productivity, general performance and "other factors the Company considers relevant in each case." (Employee Handbook at 15.)

        2.  Stage Two and Stage Three

Because Plaintiff fails to establish a *prima facie* case, neither Defendant's nondiscriminatory justification nor Plaintiff's attempts to show that the justification was mere pretext need be considered.

IV.  CONCLUSION

Defendant Spartan Graphics' motion to dismiss is DENIED.  Plaintiff concedes her causes

of action under Michigan law are subject to the one-year limitation period included in the employee handbook. The provision, however, does not contain sufficient detail and information to meet the statutory requirements for waiver contained in the ADEA. Therefore, the limitation provision in the employee handbook does not apply to Plaintiff's federal claim.

Defendant Spartan Graphics' motion for summary judgment is GRANTED. Plaintiff has presented no direct evidence of age discrimination. Plaintiff's circumstantial evidence does not establish a *prima facie* case. In age discrimination cases resulting from a work force reduction, the fact that younger workers were retained does not establish a *prima facie* case. The fact that the decision maker was unaware of the criteria for work force reductions does not give rise to an inference of an impermissible motive.

## ORDER

For the reasons outlined above, Defendant Spartan Graphics' motion (Dkt. No. 35) to dismiss, or in the alternative, motion for summary judgment is **GRANTED IN PART and DENIED IN PART.** The motion to dismiss is **DENIED** and the alternative motion for summary judgment is **GRANTED. IT IS SO ORDERED.**

Date: May 26, 2009 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge